[Civ. No. 3314.   Third Appellate District.—November 1, 1927.]

STOCKTON LUMBER COMPANY (a Corporation), Respondent, v. JAMES MULCAHY, Appellant.

A. H. Carpenter for Appellant.

Case & Forslund for Respondent.

WEYAND, J., *pro tem.*—The Stockton Lumber Company, respondent herein and plaintiff in the lower court, brought suit against the appellant, upon two causes of action; one being upon a promissory note for $389.50 and the second cause of action being upon an account for lumber, to wit, a lot of "grape stakes" sold to appellant, amounting to the sum of $229.36. Judgment was in favor of the plaintiff in that suit for said sums and for $75 attorney's fees, the note providing for a reasonable attorney fee.

By way of cross-complaint the defendant, appellant here, made claim that the grape stakes so furnished were "unsound, and not good or merchantable, or fit to be used for grape stakes, in this, that it (the lumber) was dry rotted, brittle, worthless, and totally unfit for the purpose." He further alleges that he used the stakes and that many of them broke, because of their alleged unfit condition, and caused some seven tons of the grapes in appellant's vine-

yard to fall upon the ground, and thus damaged appellant in the sum of $640, the value of the grapes destroyed, and an additional $200, the value of labor expended in the erection of the grape trellis.

There was no dispute as to the amount of the claims of respondent, the controversy being wholly as to the condition of the grape stakes sold to appellant, and the alleged damage to his grapes.

It fairly appears from the evidence that appellant saw a portion of the stakes in the lumber-yard of respondent at the time he made the purchase. These were delivered to his ranch. Shortly thereafter, on the arrival of more stakes at the lumber company's yard, the full amount of the purchase was delivered to appellant. A total of 2,400 stakes were delivered, about 700 thereof having been seen by appellant at the time of the purchase. Both appellant and his farm manager had ample opportunity to examine the stakes after delivery at the ranch. Seven hundred of the stakes were used in the spring of 1925 and 1,700 were not used until the spring of 1926. During the intervening time the unused stakes were in appellant's barn at his ranch, and during said time no complaint was made in behalf of appellant as to their condition. A number of written requests were made by the lumber company for payment of the account, and it appears that at one time defendant promised to pay the account. There are some very slight contradictions of the above testimony.

The judgment of the trial court should be upheld. It was for the trial court to determine with which side truth coincided. A buyer to whom delivery of goods is made must inspect the same within a reasonable time after delivery, and if, having ample time and opportunity to examine the delivery, such buyer makes use of the goods delivered, he cannot then complain as to their condition. It would seem to be wholly unnecessary to cite authorities to support the judgment of the trial court, nevertheless we will cite 22 Cal. Jur. 983 and 35 Cyc. 229, and the cases in illustration of the text, as fully covering this situation.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.